UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC E. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:20-mc-00001 (UNA) |
| ) | |
| DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* initiating pleading and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which allows for dismissal if a plaintiff fails to state a claim upon which relief can be granted or if an action is frivolous or malicious. Plaintiff has also filed a motion for summary judgment which will be denied.

Plaintiff, who lists an address of Portsmouth, Virginia, has filed an initiating pleading without any title caption identifying its purpose. He lists the President, U.S. Congress, numerous federal judges and Supreme Court Justices, as well as unknown "attestors [sic] and proponents" and "every other United States Citizen[,]" in the case caption where defendants should be listed but instead indicates that this case is "not versus" the aforementioned entities and individuals, insinuating that they are not intended as defendants.

In attempting to initiate a civil case before this court, a plaintiff must file a complaint or pleading stating a claim for relief. *See* Fed. R. Civ. P. 8. The initiating pleading here fails to abide by any of the relevant Federal or Local Civil Rules of Procedure. Further, plaintiff must put forth

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A matter that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, the initiating pleading and its intended purpose are incomprehensible.  It consists of rambling ruminations regarding double jeopardy and executive and legislative oaths and duties. Plaintiff also seems to allege that he was improperly indicted and prosecuted in Virginia, however, no other sufficient information is provided. Neither the proposed parties nor the causes of action are identified.  He seeks a "zillion" dollars in damages, injunctive relief, and broadly asks the Court to review various portions of the Constitution and federal code.

This court cannot exercise subject matter jurisdiction over a frivolous action.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a matter as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant matter satisfies this standard. In addition to failing to state a claim for relief or to establish federal jurisdiction, the initiating pleading is deemed frivolous on its face. Consequently, this case will be dismissed with prejudice. A separate order accompanies this memorandum opinion.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE: June 12, 2020